## MOREAU vs. DUNCAN.

THE plaintiff, who is Judge of a Parish Court, *Whether plain-*
claimed the sum of one hundred dollars, for *tiff's attorney be*
*liable to pay the*
the tax, laid by the act of this territory, 1809, c. *tax on the suit?*
7, stating that the defendant, as attorney to seve- *Quere.*
ral persons, had lately brought one hundred suits
in the plaintiff's court.

THE act provides that " the attorney's fee;
" in each case, shall be eleven dollars, to be tax-
" ed . . . . . . by the Parish Judges respect-
" ively, and paid by the party cast." It after-
wards imposes " a tax of one dollar" on all
suits " prosecuted in the Parish Courts . . . . .
" to be deducted out of the said attorney's fee
" in each cause," and makes it the duty of the
Judge to collect and account for the tax.

LEWIS, J. The plaintiff ought to recover,
for he is liable for the tax. He ought to receive
it at the time the process issues. It would be
inconvenient and unsafe to wait till the determi-
nation of the suit to exact it from the party cast,
who might not be able to pay it.

SPRING, 1810.
First District.

MOREAU
vs.
DUNCAN.

THE defendant having obtained the process on the issuing of which the tax was demandable, ought then to have paid the tax, and if the plaintiff has indulged him, a suit may now be maintained.

MARTIN, *J.* It certainly would have been the best way to render this imposition productive, and the collection of it easy, to have required the payment of the tax, at the *inception* of the suit. But the Legislature having provided, at the time they imposed the tax, that it should be *deducted* out of a certain fee, to be taxed by the Judge and paid by the party cast, has certainly postponed the collection of it to the *conclusion* of the suit.

THE tax being expressly required to be paid out of the fee taxed for the attorney of the successful party, it appears to me the fisc cannot expect any tax in cases in which no attorney's fee is taxed, or where the successful party has appeared in *propriâ personâ*, in cases in which the object of dispute is less than $100, or in cases in which the party cast, is not able to pay.

I consider this as an imposition, on attorney's taxed fees paid by the party cast, which is not to be *advanced* or *insured* by the person who brings the suit, nor his attorney.