FALL 1812.                    *READ* vs. *BAILEY*.
I. District.

When the court is equally divided, there cannot be any judgment.

Upon the trial of this cause, the court divided in opinion, *ante* 77, and no judgment was rendered; and now the counsel for the plaintiff moved to discontinue.

The plaintiff, except in a hard action, will be permitted to discontinue, before a verdict, or the opinion of the court, is known.

*Grymes* and *Duncan*, for defendant. The division of the court in this case, amounts, in effect, to a judgment against the plaintiff. He has not gained, neither can he gain, any thing from the trial. The court being divided, the plaintiff, either in a motion, or upon a trial, who does not succeed, of course fails : the division of the court always telling against him. But even if this principle were not admitted to apply to this case, the present plaintiff ought not to be suffered to discontinue. After argument, a discontinuance is always left to the discretion of the court; it cannot then be taken as a matter of course, but must be obtained as a matter of favor; and if the case be a hard one, it will be refused. 1 *Salk*. 178. This case may be considered one of that description. Here the plaintiff has called upon the defendant, to answer upon oath certain interrogatories; and now, instead of proceeding in the cause, he wishes to abandon it, and new shape his action; by which means he will take advantage of the disclosures forced from the defendant, and at the same throw away his testimony, which, by our law,

must be received as true, unless disproved by the oath of two credible witnesses, or of one credible witness and strong corroborating circumstances. *O. L.* 1805, *ch.* 26, *s.* 9.

*Ellery*, in reply. After argument, there is no doubt but that a discontinuance ceases to be a side bar rule, to be had as a matter of course from the clerk ; and that it can now only be obtained, upon motion made and leave granted by the court. But in our courts, it has been adopted as a general rule, to grant a discontinuance, at any period before judgment is rendered, in issues to the court ; and before a general verdict, in those to the country. In England, it has been granted, after demurrer argued, 1 *Str.* 76 ; after judgment upon demurrer for plaintiff, and error brought, *Barnes*, 169 ; and after special verdict, 1 *Salk.* 178. But it is objected, that a division of the court ought to tell against the plaintiff, who never can succeed, either in motion or upon trial, until the court be agreed. But, it will be recollected, that our court does not always consist of an equal number of judges ; and if it did, and they continued divided in opinion, it would make one of the strongest arguments in favour of a discontinuance—that the suit might be brought forward in such a shape as to secure a decision, and justice be no longer delayed. But it is further urged, that the

FALL   1812.
I. District.

READ
*vs.*
BAILEY.

present case is a hard one, and that the court will exercise its discretion, in withholding its consent to a discontinuance. But it never can be considered a hard case, when the court is divided upon it in opinion.

*By the Court.* In France, there are courts, in which the president has a preponderating voice, in case of an equal division of the members. In others, recourse is had to another court. 1 *Ferriere, verbo Departager.*

IN England, in the King's Bench, the Common Pleas, the Exchequer, or in the Exchequer Chamber, where all the justices are assembled, if the justices are equally divided, no judgment can be given ; and so it is in the court of parliament. 12 *Co. Procter's case*, 118.

IN this state, the same rule has always prevailed. *Moreau* vs. *Duncan*, 1 *Martin*, 99, *Orl. Nav. Co.* vs. *City of N. O. id.* 269, *ante, same case,* 10. and there is a strong reason for it, the court being composed of an uneven number of judges.

THE plaintiff is as much entitled to a discontinuance in this case, as in that of *Durnford* vs. *Johnson, ante* 306.

DISCONTINUANCE GRANTED.